UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JANE DOE,**

       **Plaintiff,**

v.                                     **Case No: 6:19-cv-1250-Orl-37GJK**

**FLORIDA AGRICULTURAL &**
**MECHANICAL UNIVERSITY,**

       **Defendant.**

---

**ORDER**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** PLAINTIFF'S MOTION FOR ORDER AUTHORIZING USE OF PSEUDONYM AND MEMORANDUM OF LAW IN SUPPORT (Doc. No. 23)
>
> **FILED:** August 27, 2019
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On June 11, 2019, Plaintiff, stating her name as "Jane Doe," filed suit against Defendant for violations of Title IX and negligence. Doc. No. 1-1. On July 9, 2019, Defendant removed the action to this Court. Doc. No. 1. Plaintiff, a current student at Defendant's law school, alleges that she was sexually assaulted and harassed by Defendant's administrator. Doc. No. 13.

On August 20, 2019, the Court entered an order directing Plaintiff to show cause why she should be permitted to proceed under a pseudonym. Doc. No. 17. On August 27, 2019, Plaintiff filed a motion for an order authorizing her to use a pseudonym (the "Motion"). Doc. No. 23. The

Court discharged the order to show cause, Doc. No. 25, and the Motion was referred to the undersigned.

There is a strong preference for parties proceeding in their own names, but the rule is not absolute. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). If the presumption of openness is outweighed by a party's substantial privacy right, then "[a] party may proceed anonymously in a civil suit in federal court . . . ." *Id.* at 1315-16. The court should review all the circumstances in weighing the privacy right against the presumption of openness. *Id.* at 1316.

There are six factors the court must consider in determining whether a party may proceed anonymously:

- Is governmental activity being challenged by the party?
- Must the party "disclose information of the utmost intimacy?"
- Must an intention to engage in a crime, and therefor a possibility of prosecution, be admitted?
- Was the party a minor?
- Would proceeding non-anonymously result in threats of violence or physical harm?
- Is there a unique threat of fundamental unfairness to the opposing party?

*Id.*

The first, third, and fourth factors are not present here. Regarding the fifth factor, Plaintiff does not allege that disclosing her name will result in threats of violence or physical harm, although she does state that victim blaming has occurred regarding her case. Doc. No. 23 at ¶¶ 15, 16.

Regarding the second factor, in the course of this litigation, Plaintiff must "disclose information of the utmost intimacy." *Plaintiff B v. Francis*, 631 F.3d at 1316. The issues in this case involve an alleged sexual assault by a school administrator upon a student. This is information

of the utmost intimacy. *See id.* at 1316-17 (finding the factor met when the case "involve[d] descriptions of the Plaintiffs in various stages of nudity and engaged in explicit sexual conduct while they were minors who were coerced by the Defendants into those activities."). Regarding the sixth factor, there is no unique threat of fundamental unfairness to Defendant, as Defendant knows Plaintiff's identity and does not take a position on the Motion. Doc. No. 23 at 3, 5.

In addition to reviewing the six factors, the Court must also consider all the circumstances surrounding this case. *Plaintiff B v. Francis*, 631 F.3d at 1316. Plaintiff is currently a third-year student at the law school she is suing. Doc. No. 23-2 at ¶ 4. If she is not permitted to use a pseudonym, she "fear[s] ridicule, retaliation, and revictimization by [her] peers and staff . . . ." Defendant's law school. *Id.* Reviewing the totality of the circumstances, the six factors, and considering that the Motion is unopposed, the Court finds that Plaintiff's substantial privacy right outweighs the presumption of openness. *See Doe v. Rollins Coll.*, No. 6:18-cv-1069-Orl-37KRS, Doc. No. 15 (M.D. Fla. July 16, 2018) (granting motion to proceed anonymously of plaintiff accused of violating school's sexual misconduct policy where case requires disclosures of utmost intimacy and anonymity would not harm defendant "because it already knows [p]laintiff's identity.").

Accordingly, it is **ORDERED** that the Motion (Doc. No. 23) is **GRANTED**.

**DONE** and **ORDERED** in Orlando, Florida, on September 16, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties