**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JANE DOE,

  **Plaintiff,**

v.           **Case No.:  6:19-cv-01250-RBD-GJK**

FLORIDA AGRICULTURAL &
MECHANICAL UNIVERSITY,

  **Defendant.**

_____/

## DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER FOR DEPOSITIONS ON MARCH 10, 12, AND 18, 2020

Defendant, **FLORIDA AGRICULTURAL & MECHANICAL UNIVERSITY** ("University"), pursuant to Rule 26(c), Fed. R. Civ. P., and Rule 3.01, M.D. Fla. Loc. R., respectfully moves this Court for a protective order postponing the depositions Carrie Gavin, Reginald Green, Nicky Boothe Perry, Gary Harrington, and Leroy Pernell set for March 10, 12, and 18 2020, noticed by Plaintiff support hereof, the University states as follows:

1. Plaintiff served subpoenas February 28, 2020 for depositions to be taken on March 10, 12, and 18 of 2020. (See Exhibit 1).

2. Plaintiff is aware the University is unavailable on those dates.

3. Plaintiff's most recent Complaint was filed on January 22, 2020.

4. Defendant filed their Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint on February 19, 2020.

5. Plaintiff is demanding deposition dates in March after requesting dates for

March and April. (See Exhibit 2).

6.    Defendant made dates available for April 2 and 3, 2020, within 24 hours, as Plaintiff requested. Defendant's dates are well within the discovery period.

7.    Plaintiff alleges her client will be prejudiced by the April dates for deposition because "she might want to send out additional discovery."

8.    Plaintiff has only made herself available on April 1st, which was accepted and scheduled.

## MEMORANDUM OF LAW

The Court has broad authority to control the discovery process under Federal Rule of Civil Prcoedure 26. *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1306-7 (11th Cir.2011); *Phipps v. Blakeney,* 8 F.3d 788, 790 (11th Cir.1993). While the scope of discovery is broad, this Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). "'Good cause' is hard to define but 'generally signifies a sound basis or legitimate need to take judicial action' after balancing the interests involved". *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987). Once a showing of good cause is made, the Court has "broad discretion…to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The Court has the authority to specify the time and place for discovery. Fed.R.Civ.P. 26(c)(1)(B).

2

As demonstrated by the facts set forth in this motion, the undersigned sufficiently established good cause for a protective order. Plaintiff's counsel asked whether the undersigned could provide available dates for deposition in the months of March and April. After having informed Plaintiff's counsel that the Defendant will be unavailable for the month on March, due to, among other things, Board of Trustee Meetings and Annual Management Training put on by the General Counsel's Office, the undersigned provided dates in the month of April, as requested. After an exchange of emails on February 27, 2020, Plaintiff sent notices and subpoena's for depositions the following morning for dates that the parties had not agreed upon, being fully aware that Defendant's General Counsel and witnesses were unavailable for those dates. Plaintiff's reasoning for that was that she may one day want to send out more discovery.

Attorneys should "reasonably accommodate the schedules of opposing lawyers, parties, and witnesses." *PHL Variable Ins. Co. v. Bank of Utah*, 8:13-MC-22-T-35MAP, 2013 WL 12156106, at *2 (M.D. Fla. Mar. 22, 2013) (citing Middle District Discovery (2001)). In that vein, Defendant has made more than reasonable accommodations for Plaintiff, setting her deposition for the first date she requested, April 1, 2020. The undersigned expected the same courtesy when simply asking Plaintiff's counsel to not serve her deposition notices because the witnesses' unavailability.

Rule 30(b), Fed. R. Civ. P., provides that a party "must give reasonable written notice to every other party" before deposing a person by oral questions. The Middle District of Florida's Local Rule 3.02(a), requires any party desiring to depose any person to provide at least 14 days' written notice to all other parties to the case. Of the four

3

unilaterally scheduled dispositions, only one of them meets the 14-day notice requirement. The one deposition that was given at least 14-days' notice, is scheduled for a date on which the University's General Counsel is unavailable, a fact Plaintiff is aware of, and also falls during the University's spring break.

WHEREFORE, Defendant **FLORIDA AGRICULTURAL & MECHANICAL UNIVERSITY**, respectfully request that this Court enter a Protective Order postponing the depositions noticed by the Plaintiff for March 10, 12, and 18, 2020, and any other relief that this Court deems just and proper.

Dated this 2nd day of March, 2020.

Respectfully submitted,

*/s/ Diana K. Shumans*
**DIANA K. SHUMANS**
Florida Bar No. 675822
dshumans@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorney for Board of Trustees*
*Florida A & M University*

4

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that, pursuant to Rule 37(a), Fed. R. Civ. P., and Rule 3.01(g), M.D. Fla. Local Rule, counsel for Defendant attempted to confer with counsel for Plaintiff on February 20, 2020, and February 27, 2020, through written communications. However, no agreement has been reached.

*/s/ Diana K. Shumans*
**DIANA K. SHUMANS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 2nd day of March 2020, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Middle District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Diana K. Shumans*
**DIANA K. SHUMANS**